Argued April 10, affirmed April 16, 1969

MOSEE, *Appellant, v.* CLARK, *Respondent.*
453 P2d 176

*Malcolm J. Montague,* Portland, argued the cause for appellant. With him on the briefs were Oliver I. Norville and Williams, Montague, Stark & Thorpe, Portland.

*Cleveland C. Cory,* Portland, argued the cause for respondent. With him on the brief were George M. Joseph, Morrison & Bailey, George H. Fraser, Terry W. Baker, and Davies, Biggs, Strayer, Stoel & Boley, Portland.

Before PERRY, Chief Justice, and SLOAN, O'CONNELL, GOODWIN, DENECKE, HOLMAN and HAMMOND, Justices.

PER CURIAM.

This is an election contest brought under ORS 251.025. Incumbent County Commissioner Dan E. Mosee was defeated in the general election November 5, 1968, by Donald E. Clark, a former sheriff of the county. Mosee alleged that Clark had deliberately made false claims of incumbency during the election campaign. The trial court found against Mosee and dismissed the petition. Mosee appeals.

■ The only issue is whether any of eight separate charges was established. To prevail, Mosee had to

prove that Clark was responsible for publicity that was deliberately false in a material way. *Cook v. Corbett,* 251 Or 263, 446 P2d 179 (1968). Clark admits responsibility for each of the publications, but denies that any one of them was false.

The charges will be summarized in the order in which they were alleged:

(1) Clark used car-top signs reading:

> Don
> C L A R K
> County Commissioner—Democrat

(2) Clark used bumper stickers reading:

> C L A R K
> County Commissioner—Democrat

(3) Clark changed some, but not all, of his car-top signs by adding a figure 4 beneath the word, "Clark," to indicate both that he was running *for* Commissioner and that it was position *Number Four* for which he was running.

(4) Clark submitted for publication in the Voters Pamphlet a biographical statement which began with the words:

> For County Commissioner, Multnomah
> County, Position No. 4

> RETURN A PROVEN LEADER

The material was published as submitted.

(5) Clark caused the same headline to be published in a mail-piece that was used during the campaign.

(6) Clark furnished to the League of Women Voters, which published a pre-election biographical sketch

on participating candidates, material which included his name, age, present occupation (college teacher), and work experience. The material included (under the heading "particular education, training, and experience * * * for this office"):

> Sheriff of Multnomah County in charge of three county departments . . . police, tax and civil with over 300 employees and a combined budget of 3 million dollars. [The three dots appeared in the printed matter.]

(7) Clark used exterior bus-card advertising posters which read:

> Vote Don
> C  L  A  R  K
> Commissioner
> 'He cares about the whole county'

(8) Clark caused a star to be superimposed on the A in Clark on some of his signs, thereby, Mosee says, suggesting that the ex-sheriff was still sheriff.

The only charges of false statement that merit judicial consideration are Nos. 4 and 5, the duplicate assertions that Clark was deliberately false in saying:

> For County Commissioner, Multnomah County, Position No. 4

### RETURN A PROVEN LEADER

This language, Mosee asserts, constituted a false claim of incumbency under the rule laid down in *Cook v. Corbett.*

■ When the challenged statement is judged by the standards laid down in *Cook v. Corbett* and in *Thornton v. Johnson,* 253 Or 342, 453 P2d 178, 454 P2d 647, "Return a proven leader" is not a "false statement"

within the meaning of ORS 260.380(1) or 260.400. A statement is not false if any reasonable inference that can be drawn from the statement is either a correct inference of fact or a matter of opinion.

In *Cook v. Corbett,* the statements were "Re-elect Democratic Senator Corbett" and "Re-elect Corbett State Senator Position No. 4." Only one inference could have been drawn from those statements: that the candidate was the incumbent senator. That inference was false.

On the other hand, in *Thornton v. Johnson,* the statements which the contestant alleged to be false permitted two possible inferences: (1) that the incumbent Attorney General was responsible for an increase in crime because he had failed vigorously and competently to prosecute crime; or (2) that the Attorney General was responsible for the increase in crime because his performance of the duties of his office had failed to inspire confidence or provide leadership in the fight against crime. Assuming that the first inference was false, the latter inference was one of opinion. The publicity in the *Thornton* case was, therefore, ambiguous rather than false. Ambiguity may be just cause for criticism in political debate, but it is not a statutory ground for forfeiting an election.

■ In this case, the slogan, "Return a proven leader," may have created the inference in the minds of some readers that Clark was an incumbent county officer of some kind, including, perhaps, Commissioner, Position No. 4. However, the slogan also may have caused other readers to draw the inference that Clark had in the past served in county government and had been a leader in government. Since Clark had been County Sheriff, there was no falsity in an inference that he was a veteran in government. Whether Clark

enjoyed the reputation of a proven leader was a matter of opinion.

■ We are asked in this appeal to hold that any statement which contains an ambiguity and which permits an erroneous inference to be drawn violates the Corrupt Practices Act. We hold otherwise. The Legislative Assembly did not undertake to outlaw ambiguous political utterances. As we emphasized in *Thornton v. Johnson,* a finding of a violation of the Corrupt Practices Act and a consequent forfeiture of office results in the disenfranchising of all those who voted for the election winner. For that reason, the court has strictly construed the Corrupt Practices Act. In the case at bar there was no deliberate falsehood.

Affirmed.