Argued and submitted February 13, appeal dismissed May 11, 1981

# KOCH,
## *Appellant,*
### *v.*
# MAKINSON,
### *Respondent.*

(No. L80-1599, CA 18576)

628 P2d 397

David G. Terry, Roseburg, argued the cause and filed the brief for appellant.

Verden L. Hockett, Jr., Roseburg, argued the cause and filed the brief for respondent.

Before Buttler, Presiding Judge, and Warden and Warren, Judges.

BUTTLER, P. J.

## BUTTLER, P. J.

Plaintiff appeals from a final order dismissing his complaint pursuant to ORCP 21(A)(8) for failure to state ultimate facts sufficient to constitute a claim. An unsuccessful candidate for the Democratic Party nomination for Douglas County Commissioner in 1980, plaintiff brought this action under the Corrupt Practices Act[1] to recover general and punitive damages and to deprive defendant of the nomination. Plaintiff alleged that defendant's representation in the Voters' Pamphlet that he (defendant) was a "Graduate of US Air Force Academy" was false. Defendant moved to dismiss on the ground that the claim was not actionable because the statement did not necessarily infer that he was graduated from the US Air Force Academy in Colorado Springs, Colorado, but was reasonably susceptible of a correct inference when read in the context of the entire statement contained in the Voters' Pamphlet. The trial court agreed and dismissed the case.

---

[1] ORS 260.532 provides:

"(1) No person shall cause to be written, printed, published, posted, communicated or circulated, any letter, circular, bill, placard, poster or other publication, or cause any advertisement to be placed in a publication, or singly or with others pay for any advertisement, with knowledge or with reckless disregard that the letter, circular, bill, placard, poster, publication or advertisement contains a false statement of material fact relating to any candidate, political committee or measure.

"(2) A candidate who knows of and consents to a publication or advertisement prohibited by this section with knowledge or with reckless disregard that it contains a false statement of material fact, violates this section regardless of whether the candidate has participated in the publication or advertisement.

"(3) There is a rebuttable presumption that a candidate knows of and consents to any publication or advertisement prohibited by this section caused by a political committee over which the candidate exercises any direction and control.

"(4) Any candidate or political committee aggrieved by a violation of this section shall have a right of action against the person alleged to have committed the violation. The aggrieved party may file the action in the circuit court for any county in this state in which a defendant resides or can be found or, if the defendant is a nonresident of this state, in the circuit court for any county in which the publication occurred. To prevail in such an action, the plaintiff must show by clear and convincing evidence that the defendant violated subsection (1) of this section.

"(5) Except as provided in subsection (6) of this section, a plaintiff who prevails in an action provided by subsection (4) of this section shall recover

At the outset, defendant contends that this appeal should be dismissed because the Corrupt Practices Act requires that a challenge to a primary election come to final judgment at least 30 days before the general election. ORS 260.532(8) provides:

"(8)   An action under this section must be filed not later than the 30th day after the election relating to which a publication or advertisement in violation of this section · was made. Proceedings on a complaint filed under this section shall have precedence over all other business on the docket. *The courts shall proceed in a manner which will insure that:*

"(a)   *Final judgment on a complaint which relates to a primary or nominating election is rendered before the 30th day before the general election;* * * *." (Emphasis supplied.)

Here, the complaint was filed timely, the trial court entered its final order on July 30, 1980, and the general

punitive damages and also may recover general damages if any have been suffered. Proof of general damages is not required for recovery of punitive damages. Any prevailing party may be awarded reasonable attorney fees.

"(6) A political committee has standing to bring an action provided by subsection (4) of this section as plaintiff in its own name, if its purpose as evidenced by its preelection activities, solicitations and publications has been injured by the violation and if it has fully complied with the provisions of this chapter. A political committee may not be sued as defendant in such an action. A recovery made by a political committee which prevails in an action under this section shall be distributed pro rata among the persons making contributions to the committee.

"(7) If a judgment is rendered in an action under this section against a defendant who has been nominated to public office or elected to a public office other than state Senator or state Representative, the defendant shall be deprived of the nomination or election and the nomination or office shall be declared vacant.

"(8) An action under this section must be filed not later than the 30th day after the election relating to which a publication or advertisement in violation of this section was made. Proceedings on a complaint filed under this section shall have precedence over all other business on the docket. The courts shall proceed in a manner which will insure that:

"(a) Final judgment on a complaint which relates to a primary or nominating election is rendered before the 30th day before the general election; and

"(b) Final judgment on a complaint which relates to an election to an office is rendered before the term of that office begins.

"(9) The remedy provided under subsection (4) of this section is the exclusive remedy for a violation of this section."

election was held on November 4, 1980. The record reveals no attempt by plaintiff to expedite briefing or argument on this appeal, which was filed on August 12, 1980, and heard in the regular course of events on February 13, 1981.

The question is whether the term "final judgment" in subsection (8) was intended to mean a final *determination,* including that made after all appeals taken have been resolved. On the one hand, the reference to "final judgment on a complaint" following the reference to "proceedings on a complaint" which take precedence over "other business on the docket" suggests that only trial court proceedings are meant. On the other hand, the mandatory expediting requirement of subsection (8) expressly applies to "the courts" in the plural, which would tend to indicate that the legislature intended appellate, as well as trial courts, to be bound by the requirement.

■■ Looking to the Corrupt Practices Act as a whole, we conclude that the only reasonable interpretation of the expediting requirement in subsection (8) is that challenges to primary elections under the Act must be dismissed unless the trial courts and the appellate courts have rendered a final determination by at least 30 days prior to the general election. Were this not so, a plaintiff could prevail in the trial court and deprive a successful primary candidate of the nomination under subsection (7), only to have an appellate court reverse the trial court after the general election, by a determination, for example, that a violation had not been proven. Defendant would be left in an equally untenable position were he to defend successfully an action under the Act in the trial court, win the general election and then be deprived of the primary nomination by the appellate court. The effect of that ruling on the result of the *general* election is yet another problem with plaintiff's interpretation.

We do not believe the legislature intended that the result of an election remain in doubt until all appeals, processed only in the ordinary course of events, are resolved. The Supreme Court has declared that courts must enter the area of election conduct with caution, lest their actions summarily disenfranchise a majority of the electorate. *Comm. to Retain Judge Tanzer v. Lee,* 270 Or 215,

220, 527 P2d 247 (1974); *Thornton v. Johnson,* 253 Or 342, 362, 453 P2d 178, 454 P2d 647 (1969); *Mosee v. Clark,* 253 Or 83, 453 P2d 176 (1969). *See also Sumner v. Bennett,* 45 Or App 275, 281, 608 P2d 566 (1980).

■      Plaintiff contends that even if his remedy under subsection (7), *supra,* at n 1, is now foreclosed, he still has a surviving claim for damages. Although it is not clear what general damages a prevailing plaintiff would ever be entitled to if his opponent were deprived of the nomination or office, it is fairly clear that the Act itself provides a unitary remedy. Subsection (4) provides the exclusive remedy for violation of the Corrupt Practices Act. ORS 260.532(9). An award of general and punitive damages may flow from that, under subsection (5), but because the terms of subsection (7) are mandatory in every case "[i]f a judgment is rendered in an action under this section * * *," we conclude that plaintiffs do not have a severable cause of action for damages under the Corrupt Practices Act. There may be only one judgment from which all consequences flow, and that judgment must be a final determination of the matter entered at least 30 days prior to the general election.

Plaintiff, through inaction, has permitted this appeal to become moot.

Appeal dismissed.